## McCOY'S BUILDING SUPPLY CENTER, Appellant,

v.

## L. C. DAVIS, Appellee.

### No. 6894.

Court of Civil Appeals of Texas, El Paso.

Oct. 10, 1979.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Paul McCollum, James A. Moseley, Odessa, for appellant.

Childs & Bishop Law Offices, Inc., Clyde C. Bishop, Odessa, for appellee.

## OPINION

WARD, Justice.

This is a venue appeal involving Subdivision 9a of Article 1995, Tex.Rev.Civ.Stat. Ann. Suit was filed in Ector County, and the plea of privilege sought transfer to the Defendant's residence in Hayes County. The trial Court overruled the plea of privilege, and we affirm.

The Plaintiff, L. C. Davis, alleged that on August 6, 1977, he was driving his automobile when it was damaged by a piece of lumber which came from a forklift being driven by employees of the Defendant; that the damages were caused by negligence of the Defendant's servants who failed to have the lumber properly secured on the forklift which was moving the lumber; and that the negligence was the proximate cause of the damages to the Plaintiff's car.

At the hearing on the plea of privilege, it was stipulated that the Plaintiff sustained damages as a result of the incident in the amount of $257.01. The Plaintiff then tes-

tified that he was driving his automobile in Ector County and that, as he passed the Defendant's lumber yard, Defendant's forklift which was carrying a load of lumber approached him and a piece of lumber blew off the forklift and struck and damaged his windshield. The lumber was piled up on the forklift; it was not tied down and one man was riding there trying to hold it down; that the man failed as the wind caught the lumber; that the man then tried to catch the piece of lumber but it struck Plaintiff's automobile. The piece of lumber was eight feet long, one inch thick, and approximately eight inches wide. On cross-examination, the Plaintiff testified that a whirlwind came up, picked the lumber off the forklift, and whirled it through the air a distance of some 50 yards before it struck his car, and that it was a real windy day. Finally, the Plaintiff stated that he stopped his car and went into the Defendant's place of business and spoke to the manager; that the employee also spoke to the manager and explained that he tried to catch the piece of lumber but that he couldn't. The Defendant's manager then promised to get the automobile fixed.

To sustain exception to the general venue statute under Article 1995 Subdivision 9a, Tex.Rev.Civ.Stat.Ann., the plaintiff must prove that (1) an act or omission of negligence occurred in the county where the suit was filed; (2) that such act or omission was that of the defendant, and (3) that such negligence was a proximate cause of the plaintiff's injuries. The statute further requires that the venue facts must be proven by a preponderance of the evidence.

It is the Appellant's contention that the Plaintiff failed to prove that any act or omission of negligence occurred which was a proximate cause of the Plaintiff's damage. We disagree with the Appellant under the facts presented. One employee is described as riding on the lumber and as trying to hold it down because of the wind. The inference arises that the employee was aware that danger was present; that some of the lumber might be blown off the forklift, and that he was engaged in trying to prevent the very thing that occurred from happening. Then there is the testimony that both the Plaintiff and one employee after the accident immediately reported the incident to the Appellant's manager who recognized the Appellant's liability and promised to pay for the Plaintiff's damages. The reasonable inference arises that the details were explained to the manager; that he was also aware of the danger presented from the blowing wind; that he felt that the precautions taken by his employees failed to meet the care that a reasonable prudent person would have taken under the same circumstances; and that such a person could have foreseen that the wind was of such force that the lumber might reasonably sail a distance of 50 yards. The admission was at least evidence of the two elements. 2 McCormick and Ray, Texas Law of Evidence (2d ed.1956) sec. 1150. Its weight and its probative force were matters for the trier of the facts. 2 McCormick and Ray, Texas Law of Evidence (2d ed.1956) sec. 1129.

Because of the facts as presented, the subsequent promise to pay the claim and the inferences arising, we hold that the evidence was legally sufficient to establish the necessary elements required of the Plaintiff. The Appellant's points are overruled, and the judgment of the trial Court is affirmed.